UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                       :
KARIM ANNABI,                                                          :
                                                                       :
                          Plaintiff,                                   :
                                                                       :
            -v-                                                        :        24 Civ. 7367 (JPC) (VF)
                                                                       :
ALEXANDRIA OCASIO-CORTEZ,                                              :        OPINION AND ORDER
                                                                       :        ADOPTING REPORT AND
                          Defendant.                                   :        RECOMMENDATION
                                                                       :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

Pro se Plaintiff Karim Annabi has sued Defendant Congresswoman Alexandria Ocasio-Cortez for damages and injunctive relief, claiming that she violated his First Amendment rights by turning him away from two town halls and blocking him from her email-distribution list. But Plaintiff's damages claims are barred by sovereign immunity, thus depriving this Court of subject matter jurisdiction, so the Court dismisses those claims without prejudice and without leave to amend. As for Plaintiff's injunctive-relief claims, he has failed to plausibly allege an ongoing risk of future harm relating to the town halls but has done so with respect to the email-distribution list. Because Plaintiff lacks Article III standing to assert any town hall-based injunctive-relief claims, but potentially may be able to adequately allege such a risk of future harm in a second amended complaint, the Court dismisses those claims without prejudice and with leave to amend. On the only claims over which this Court has jurisdiction—those relating to the email-distribution list—Plaintiff falls short on the merits. The Court also dismisses those claims but with leave to amend. The Honorable Valerie Figueredo, to whom this case was referred for general supervision of pretrial proceedings and to issue recommendations on any dispositive motions, appropriately

reached these conclusions.  So this Court adopts her Report and Recommendation and grants Defendant's motion to dismiss.

## I.  Background

### A.    Facts[1]

Plaintiff is the founder of The Sir David Amess Peace Initiative, an interfaith sainthood nomination campaign for its namesake, and an organization named "iactivatelove"—which does business as "Activate"—that is comprised of a social network and fashion label.  Am. Compl. ¶¶ 1, 17-20.  Plaintiff is a constituent of New York's fourteenth congressional district, which Defendant represents in the House of Representatives.  *Id.* ¶¶ 12, 21.  In November 2022, Plaintiff requested that Defendant submit a nomination for a peace prize, a request Defendant's office rejected as "outside of [its] purview."  *Id.* ¶¶ 27-28.  In response to that rejection, on December 5, 2022, Plaintiff proposed that Defendant instead "support [his] efforts to have President Biden award Sir David Amess with a Presidential Medal of Freedom," a proposal which a week later Defendant also rejected.  *Id.* ¶¶ 29-30.  On July 6, 2023, Plaintiff attended one of Defendant's in-person town halls in the Bronx; after the event, he spoke briefly about his activism efforts with Defendant, who directed him to one of her staffers.  *Id.* ¶¶ 31-32.

---

[1] The following facts, which are assumed true solely for purposes of this Opinion and Order, are taken from Plaintiff's Amended Complaint, Dkt. 3 ("Am. Compl."). *See Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000) ("When considering a motion to dismiss pursuant to Rule 12(b)(1), the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff."); *Robinson v. Gov't of Malaysia*, 269 F.3d 133, 140 (2d Cir. 2001) (explaining that "[i]n a motion to dismiss pursuant to [Rule] 12(b)(1), the defendant may challenge either the legal or factual sufficiency of the plaintiff's assertion of jurisdiction, or both," and that when "the defendant challenges only the legal sufficiency of the plaintiff's jurisdictional allegations, the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff" (citation modified)); *see also Interpharm, Inc. v. Wells Fargo Bank, Nat'l Ass'n*, 655 F.3d 136, 141 (2d Cir. 2011) (explaining that on a motion to dismiss pursuant to Rule 12(b)(6), the court must "assum[e] all facts alleged within the four corners of the complaint to be true, and draw[] all reasonable inferences in plaintiff's favor").

On February 21, 2024, Plaintiff emailed Defendant to request a meeting at which he would invite Defendant to join Activate's social network. *Id.* ¶ 33. The next day, Defendant's office sent Plaintiff an email rejecting the meeting request. *Id.* ¶ 34. A month later, Plaintiff again emailed Defendant about joining the network. *Id.* ¶ 35. On April 7, 2024, Plaintiff sent a follow-up on the status of that proposal. *Id.* ¶ 36. And on April 18, 2024, Plaintiff followed up once more, including with pictures of Defendant's actual Facebook account and one of her proposed Activate account, expressing his disappointment that Defendant had turned down his prior request to meet and refused to join his social network. *Id.* ¶ 37.

On May 23, 2024, Defendant emailed her constituents inviting them to register for her upcoming in-person town hall scheduled for May 30, 2024. *Id.* ¶ 39. After Plaintiff registered, he arrived at the town hall but was told by a staffer that while his name was listed, he could not go in because the event had reached capacity. *Id.* ¶¶ 40-41. But when Plaintiff noticed that other attendees were still allowed in, he asked the staffer if he had been blocked from attending, and the staffer admitted that he had been flagged as someone not allowed into the town hall. *Id.* ¶ 42. The next day, Plaintiff emailed Defendant about his denied entry, suggesting that it was because of his last communication where he "expressed disapproval" that Defendant had yet to take him up on any of his requests, and offered her an "opportunity to make amends" before he "inquire[d] into legal remedies." *Id.* ¶ 44. Defendant did not respond to Plaintiff's email. *Id.* ¶ 45.

Defendant again emailed her constituents, this time on August 5, 2024, inviting them to a telephone town hall scheduled for August 8, 2024. *Id.* ¶ 46. When Defendant registered for the event, he received a confirmation telling him that he would be called to join the town hall, but on August 8, the call never came. *Id.* ¶¶ 47-48. Plaintiff alleges that on May 30 and August 8, 2024, Defendant "blocked [him] from participating in her in-person townhall and telephone townhall,

3

respectively," and he "has reason to believe that the Defendant has blocked him from her office's email distribution lists, as since August 8[], 2024, he has stopped receiving public information from Defendant that is intended for her constituents." *Id.* ¶¶ 2-3.

**B.      Procedural History**

Plaintiff commenced this action on September 30, 2024. Dkt. 1. On October 4, 2024, Plaintiff filed his operative Amended Complaint. Dkt. 3. The Amended Complaint claims that Defendant has violated Plaintiff's First Amendment rights to free speech and assembly. Am. Compl. ¶¶ 49-57. For these alleged violations, Plaintiff seeks, among other things, damages and injunctive relief. *Id.* at 14-15. On March 10, 2025, Defendant moved to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Dkts. 18, 19 ("Motion"). After being referred this case, *see* Dkt. 5, Judge Figueredo extended Plaintiff's deadline to respond to Defendant's motion, Dkts. 21, 23. Plaintiff filed his response on April 25, 2025. Dkt. 24 ("Opposition"). Defendant replied on May 1, 2025. Dkt. 27 ("Reply").

On October 8, 2025, Judge Figueredo issued a Report and Recommendation recommending that "Defendant's motion be granted, but that Plaintiff be afforded leave to amend" for specific claims. Dkt. 28 ("R&R") at 1. Judge Figueredo explained that claims for "any injury for which Plaintiff seeks monetary relief" were barred "because Defendant is entitled to sovereign immunity," such that "subject matter jurisdiction does not exist." *Id.* at 16-19 (citation modified). Such claims "for monetary relief," she explained, should be dismissed without leave to amend. *Id.* at 8. Judge Figueredo also recommended dismissing Plaintiff's injunctive-relief claims with respect to Defendant's town halls for lack of Article III standing because Plaintiff has "not adequately alleged that the denial of entry to the town halls is ongoing." *Id.* at 11. But she

recommended "leave to amend be granted with regards to Plaintiff's First Amendment claim seeking injunctive relief for the denial of access to Defendant's town halls" because he may be "able to add additional factual allegation[s] demonstrating an ongoing bar from Defendant's town halls." *Id.* at 8, 15.  By contrast, "Plaintiff has alleged enough facts to plausibly infer that he is presently blocked from Defendant's e-mail distributions," but on the merits the Report and Recommendation found that the Amended Complaint failed to adequately state a First Amendment claim because it was "not apparent from Plaintiff's allegations that Defendant's e-mails are a public forum," and recommended leave to amend because "Plaintiff may be able to plausibly state a claim[] if he can provide additional factual allegations demonstrating that the e-mails are a public forum." *Id.* at 8, 21, 27.  And while the Amended Complaint raised only free speech and assembly claims, Am. Compl. ¶¶ 49-57, Judge Figueredo also construed Plaintiff's email-distribution claim to be one "premised on a deprivation of [the] right to petition the government for redress of a grievance," and dismissed such a claim with prejudice and without leave to amend for futility because Plaintiff himself can still "communicate with Defendant via e-mail," R&R at 25-28.  As Plaintiff does not object to that construction of his claim and the recommended dismissal of such a claim as constructed, *see generally* Dkt. 29 ("Objections"), the Court need not consider it further.

The Report and Recommendation, citing both Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object for purposes of appeal.  R&R at 29. Plaintiff filed his objections to the Report and Recommendation on October 21, 2025, Dkt. 29, to which Defendant responded on November 4, 2025, Dkt. 30 ("Response").  Defendant did not file her own set of objections.  After Defendant pointed out that Plaintiff's objections "contain

numerous quotation and sourcing errors and other indicators of potential use of Artificial Intelligence in preparing the filing," *id.* at 3 n.1, Plaintiff—to his credit—acknowledged that he used artificial intelligence in preparing his objections and apologized for belatedly filing his certifications for using artificial-intelligence tools as required by Section 3(c) of this Court's Individual Rules and Practices for *Pro Se* Litigants, Dkts. 31-33. The Court appreciates Plaintiff's acknowledgement and apology and declines to impose sanctions for his failure to follow that rule.

## II.  Legal Standard

### A.    Review of a Magistrate Judge's Report and Recommendation

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a report and recommendation. 28 U.S.C. § 636(b)(1)(C). If, as here, a party submits a timely objection to any part of the magistrate judge's disposition, the district court will conduct a *de novo* review of the contested section. *See* Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). "The district court may adopt those portions of the report and recommendation to which no specific written objection is made, so long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Diaz v. Comm'r of Soc. Sec. Admin.*, No. 22 Civ. 2256 (KMK) (VR), 2023 WL 6390172, at *1 (S.D.N.Y. Sept. 29, 2023) (internal quotation marks and alterations omitted).

### B.    Rule 12(b)(1) Motion to Dismiss

Defendant moves to dismiss Plaintiff's claims under Rule 12(b)(1) for lack of subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Challenges to a court's subject

matter jurisdiction under Rule 12(b)(1) may be facial or factual. *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016). Where, as here, a defendant raises a facial challenge to standing, *i.e.*, one "based solely on the allegations of the complaint or the complaint and exhibits attached to it," a court's task "is to determine whether the [p]leading alleges facts that affirmatively and plausibly suggest that the plaintiff has standing to sue." *Id.* (citation modified). A plaintiff bears no evidentiary burden in refuting such a challenge. *Id.* The court will accept the complaint's factual allegations as true and "draw all reasonable inferences in favor of the plaintiff." *Id.* at 57 (citation modified). But "argumentative inferences favorable to the party asserting jurisdiction should not be drawn." *Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992); *accord FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990).

## C.      Rule 12(b)(6) Motion to Dismiss

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although the Court must "accept[] as true the factual allegations in the complaint and draw[] all inferences in the plaintiff's favor," *Biro v. Condé Nast*, 807 F.3d 541, 544 (2d Cir. 2015), it need not "accept as true legal conclusions couched as factual allegations," *LaFaro v. N.Y. Cardiothoracic Grp.*, *PLLC*, 570 F.3d 471, 475-76 (2d Cir. 2009). Moreover, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent

standards than formal pleadings drafted by lawyers." *Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012) (internal quotation marks omitted). But this liberal treatment is not boundless. *See Leon v. Rockland Psychiatric Ctr.*, 232 F. Supp. 3d 420, 428 (S.D.N.Y. 2017) ("[T]he liberal treatment afforded to pro se litigants does not exempt a pro se party from compliance with relevant rules of procedural and substantive law." (internal quotation marks omitted)); *see also Caidor v. Onondaga Cnty.*, 517 F.3d 601, 605 (2d Cir. 2008) ("[P]*ro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them." (internal quotation marks omitted)).

### III. Discussion

Because a "motion to dismiss for failure to state a claim may be decided only after finding subject matter jurisdiction," *Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990), the Court first resolves Defendant's Rule 12(b)(1) motion before explaining why the sole claims over which it has subject matter jurisdiction—relating to Plaintiff being blocked from Defendant's email-distribution list—fail as pleaded. *Accord id.* ("Where, as here, the defendant moves for dismissal under Rule 12(b)(1) as well as on other grounds, the court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined." (citation modified)).

### A.     Plaintiff's Money Damages Claims Are Barred by Sovereign Immunity.

"Sovereign immunity is jurisdictional in nature." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *accord Brownback v. King*, 592 U.S. 209, 218 (2021). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Tanvir v. Tanzin*, 894 F.3d 449, 459 (2d Cir. 2018) (citation omitted), *aff'd*, 592 U.S. 43 (2020). Because "sovereign

8

immunity would bar recovery from the federal government absent an explicit waiver," a "plaintiff may not sue a federal officer in her official capacity for money damages." *Id.* at 461. And sovereign immunity "encompasses Congress and members of Congress acting in their official capacities." *SEC v. Comm. on House Ways & Means*, 161 F. Supp. 3d 199, 216-17 & n.5 (S.D.N.Y. 2015) (collecting cases); *accord Alter v. McConnell*, No. 24-1276, 2026 WL 222528, at *1 (9th Cir. Jan. 28, 2026) (mem.); *Flynn v. Verizon Wireless*, No. 3:22-cv-1065 (JAM), 2024 WL 2701676, at *4 (D. Conn. May 23, 2024); *Cheng v. Speier*, 609 F. Supp. 3d 1046, 1051-52 (N.D. Cal. 2022); *Rockefeller v. Bingaman*, 234 F. App'x 852, 855 (10th Cir. 2007).

Plaintiff does not assert any waiver of sovereign immunity, so he cannot sue Defendant in her official capacity for money damages. Plaintiff raises two objections to this conclusion, but neither persuades. First, Plaintiff asserts that "Defendant's conduct" "falls outside the Speech or Debate Clause's immunity." Objections at 7-8; *see* U.S. Const. art. I, § 6, cl. 1. But sovereign immunity and Speech or Debate Clause immunity are different doctrines, and sovereign immunity applies whether or not the latter applies. *See, e.g.*, *Schilling v. U.S. House of Reps.*, 102 F.4th 503, 505 (D.C. Cir. 2024) ("We do not reach the question of whether the Speech or Debate Clause bars [the plaintiff's] claim, however, because we affirm the district court's dismissal on sovereign immunity grounds."). Second, Plaintiff argues that sovereign immunity bars neither nominal damages nor the recovery of his court filing fees. Objections at 8-9. Nominal damages, however, "are in fact damages paid to the plaintiff," *Uzuegbunam v. Preczewski*, 592 U.S. 279, 291 (2021), and so "a claim for nominal damages" remains "foreclosed by [Defendant's] sovereign immunity," *ACLU of Mass. v. U.S. Conf. of Cath. Bishops*, 705 F.3d 44, 53 n.7 (1st Cir. 2013). *See Shahi v. U.S. Dep't of State*, 572 F. Supp. 3d 470, 481 (N.D. Ill. 2021) ("Nominal damages are money damages, and if other kinds of money damages are unavailable due to sovereign immunity, then

9

so are nominal damages."); *cf. NRA of Am. v. Hochul*, No. 20-3187-cv, 2021 WL 5313713, at *1-2 (2d Cir. Nov. 16, 2021) (summary order) (finding that a "claim for nominal damages" is "barred by Eleventh Amendment sovereign immunity").  And Plaintiff's reliance on the recovery of court costs is even further afield, because "attorney's fees and costs" are—unlike nominal damages—"merely a byproduct of a suit that already succeeded, not a form of redressability."  *Uzuegbunam*, 592 U.S. at 292 (internal quotation marks omitted).  So Plaintiff's money damages claims against Defendant in her official capacity run headlong into sovereign immunity.[2]

As Judge Figueredo correctly held, because "Plaintiff has not alleged any statutory waiver" of sovereign immunity, this Court cannot issue "an award of damages because Defendant is entitled to sovereign immunity."  R&R at 16-17.   And since Defendant has "retained sovereign immunity," this Court is "depriv[ed] . . . of subject-matter jurisdiction" over Plaintiff's damages claims.  *Brownback*, 592 U.S. at 217-18.  Without subject matter jurisdiction, "the district court lacks the power to adjudicate the merits of the case," and so Plaintiff's damages claims are dismissed without prejudice and without leave to amend.  *Carter*, 822 F.3d at 54-55; *see Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 444-45 (2d Cir. 2022) ("A dismissal for lack of jurisdiction without leave to amend is not the same thing as a dismissal with prejudice." (citation omitted)); *Katz v. Donna Karan Co.*, 872 F.3d 114, 121 (2d Cir. 2017) ("[W]hen a case is dismissed for lack

---

[2] While "a plaintiff may sue a federal officer in her individual capacity without implicating sovereign immunity concerns," *Tanvir*, 894 F.3d at 461, Plaintiff does not purport to sue Defendant in her individual capacity.  *See generally* Am. Compl.  And even if he had, such a claim would fail absent a statutory cause of action or the remedy "judicially[] created" in *Bivens* "designed to provide individuals with a cause of action against federal officials who have violated their constitutional rights."  *Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007); *see Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  Although the "only remedy available in a *Bivens* action is an award for monetary damages from defendants in their individual capacities," *Higazy*, 505 F.3d at 169, "there is no *Bivens* action for First Amendment retaliation," *Egbert v. Boule*, 596 U.S. 482, 498-99 (2022).  *See* R&R at 17-19.

of federal subject matter jurisdiction, Article III deprives federal courts of the power to dismiss the case with prejudice." (citation modified)).[3]

**B.      Plaintiff Lacks Standing to Seek Injunctive Relief for his Town Hall Claims.**

The Court likewise concludes that it lacks subject matter jurisdiction to consider Plaintiff's town hall-based injunctive-relief claims—this time for lack of Article III standing—and dismisses those claims without prejudice. *See Carter*, 822 F.3d at 54 ("[W]here a complaint is dismissed for lack of Article III standing, the dismissal must be without prejudice, rather than with prejudice. Such a dismissal is one for lack of subject matter jurisdiction.").

To satisfy Article III of the U.S. Constitution's "'case-or-controversy requirement,' a plaintiff in federal court 'must establish that they have standing to sue.'" *Lacewell v. Off. of Comptroller of Currency*, 999 F.3d 130, 141 (2d Cir. 2021) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013)). "The requirements of Article III standing are well established: A plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* (citation modified). As the "party invoking federal jurisdiction bears the burden of establishing these elements," a plaintiff must support the elements of standing "with the manner and degree of evidence required at the successive stages of the litigation." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice." *Id.* Notwithstanding this relatively lenient pleading standard, a plaintiff still "must plead enough facts to make it plausible that [he] did indeed suffer the sort of

---

[3] To the extent that the Report and Recommendation could be read to recommend that "the request for monetary relief" be dismissed "with prejudice," R&R at 8, the Court clarifies that the dismissal is without prejudice and also without leave to amend.

injury that would entitle [him] to relief." *Maddox v. Bank of N.Y. Mellon Tr. Co., N.A.*, 19 F.4th 58, 65-66 (2d Cir. 2021) (citation modified).

A plaintiff must also "demonstrate standing for each claim he seeks to press and for each form of relief that is sought." *Davis v. FEC*, 554 U.S. 724, 734 (2008) (internal quotation marks omitted); *accord City of Los Angeles v. Lyons*, 461 U.S. 95, 101-13 (1983). So "where, as here, injunctive relief is sought, a plaintiff cannot meet the injury-in-fact requirement merely by relying on past injury." *Bronx Freedom Fund v. City of New York*, No. 21 Civ. 10614 (JPC), 2024 WL 1329172, at *5 (S.D.N.Y. Mar. 28, 2024). A plaintiff seeking injunctive relief must instead show a "prospective injury" which "is real, immediate, and direct." *Davis*, 554 U.S. at 733-34. Put differently, "[s]uch an allegation of future injury will be sufficient only if 'the threatened injury is certainly impending, or there is a substantial risk that the harm will occur.'" *Dorce v. City of New York*, 2 F.4th 82, 95 (2d Cir. 2021) (quoting *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014)). The risk of "*possible* future injury," on the other hand, is "not sufficient." *Clapper*, 568 U.S. at 409 (internal quotation marks omitted).

Plaintiff seeks injunctive relief because Defendant allegedly "blocked" him "from participating in her in-person townhall and telephone townhall" on May 30 and August 8, 2024. Am. Compl. ¶¶ 2, 41-43 (describing May 30 incident), 46-48 (describing August 8 incident). But these are prototypically "past injuries" that are insufficient to establish the risk of harm necessary for injunctive relief. *Dorce*, 2 F.4th at 95 (internal quotation marks omitted). Indeed, Plaintiff fails to allege that he will "continue to be blocked" from Defendant's town halls and so has "[in]adequately alleged a risk of *future* harm." *Id.* at 96 (internal quotation marks omitted). As Judge Figueredo rightly concluded, Plaintiff "has not adequately alleged that the denial of entry to the town halls is ongoing." R&R at 11-13.

12

Plaintiff offers a hodgepodge of objections to this conclusion; all fail. *See* Objections at 1-6. First, Plaintiff argues that Judge Figueredo improperly drew inferences against him, especially in suggesting that Defendant's failure to call Plaintiff for her telephone town hall "may have resulted from technical difficulties." Objections at 1-2 (citing R&R at 12 n.3). The Court is skeptical that any such inference was improper. *See Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotation marks omitted)). In any event, it remains true that "there are no allegations from which to plausibly infer that [Plaintiff] would be prevented from attending *future* town halls," even if he was indeed blocked from the past two. R&R at 12 (emphasis added). Second, Plaintiff invokes the "continuing-violation doctrine" to assert standing. Objections at 3-4. But this assertion "merely recasts a past harm as a continuing one," *Dorce*, 2 F.4th at 95-96—and besides, the continuing-violation doctrine is an "exception" for the "purposes of the statute of limitations," not a separate jurisdictional principle, *Chin v. Port Auth. of N.J. & N.Y.*, 685 F.3d 135, 155-56 (2d Cir. 2012) (internal quotation marks omitted). And third, unlike the Amended Complaint, Plaintiff's Objections characterize Defendant's conduct as "a continuous, unbroken policy of exclusion" from town halls which remains "ongoing." Objections at 3-5. Yet this Court cannot consider "allegations" that "appear in [Plaintiff's] Objections," as "a party cannot amend its pleadings through a brief." *Bocci v. Nationstar Mortg. LLC*, No. 23 Civ. 1780 (JPC) (KHP), 2024 WL 4326932, at *8 (S.D.N.Y. Sept. 27, 2024) (citation omitted), *adopting* 2024 WL 3813756 (S.D.N.Y. June 28, 2024); *accord In re Sanofi-Aventis Sec. Litig.*, 774 F. Supp. 2d 549, 562 (S.D.N.Y. 2011) ("It is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss." (citation modified)). Plaintiff thus fails to plead Article III standing based on the town halls.

Although "the Amended Complaint does not plausibly allege an ongoing bar" from Defendant's town halls, the Court agrees with Judge Figueredo that Plaintiff "may be able to allege additional factual allegations to support an inference of an ongoing injury." R&R at 11, 27.  So Plaintiff's town hall-based claims for injunctive relief are dismissed without prejudice but with leave to amend.[4]

## C.    Plaintiff Fails to State a Claim About Defendant's Email-Distribution List.

Unlike Plaintiff's allegations relating to town halls, Plaintiff alleges that "Defendant has blocked him from her office's email distribution lists, as since August 8th, 2024[,] he has stopped receiving public information from Defendant that is intended for her constituents."  Am. Compl. ¶ 3.  The Court agrees with Judge Figueredo's liberal construction of Plaintiff's *pro se* pleading that he alleges that he "has been blocked from receiving Defendant's e-mails," such that he "has alleged enough facts to plausibly infer that he is presently blocked from Defendant's e-mail distributions," which suffices for Article III standing.  R&R at 8, 13 n.5.  Nor does Defendant dispute this construction.  *See* Response at 7-8 ("With respect to the email distribution lists, the R&R acknowledges that Plaintiff has failed to state a claim.").  But the Court also agrees with the Report and Recommendation's conclusion that "Plaintiff has failed to state a claim" relating to the email-distribution list, albeit for slightly different reasons.  R&R at 8, 21, 23, 27.

---

[4] Because this Court concludes that it lacks subject matter jurisdiction over Plaintiff's town hall claims, "the prudent course of action is not to opine on the merits of [those] claims."  *Pryce v. United States*, No. 21 Civ. 1698 (KPF), 2022 WL 3155842, at *10 (S.D.N.Y. Aug. 8, 2022); *accord Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (citation omitted)).  So the Court does not consider the Report and Recommendation's alternative analysis, in the event the undersigned were to find that Plaintiff sufficiently alleges an ongoing ban from Defendant's town hall meetings, addressing the merits of Plaintiff's town hall claims.  R&R at 20-25.

Judge Figueredo construed the Amended Complaint "to be asserting . . . a First Amendment claim for retaliation," *id.* at 19, a construction that Plaintiff agrees with, *see* Objections at 6 ("The [Amended] Complaint already satisfies all elements of a First Amendment retaliation claim."). "To plead a First Amendment retaliation claim a plaintiff must show: (1) he has a right protected by the First Amendment; (2) the defendant's actions were motivated or substantially caused by his exercise of that right; and (3) the defendant's actions caused him some injury." *Dorsett v. Cnty. of Nassau*, 732 F.3d 157, 160 (2d Cir. 2013).

The Report and Recommendation asserted that Plaintiff "has a right to engage in an open online dialogue run by a public official on an online platform," but recommended dismissing the email-distribution-list claims because it is "not apparent from Plaintiff's allegations that Defendant's e-mails are a public forum, for which viewpoint discrimination would be prohibited." R&R at 21 (internal quotation marks omitted); *see also id.* at 27 ("Depending on the features of Defendant's e-mails, Plaintiff may be able to plausibly state a claim, if he can provide additional factual allegations demonstrating that the e-mails are a public forum."). But no matter the type of forum at issue, any restriction on First Amendment rights must be "viewpoint neutral." *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 806 (1985). That is, while "a speaker may be excluded from a nonpublic forum if he wishes to address a topic not encompassed within the purpose of the forum, or if he is not a member of the class of speakers for whose especial benefit the forum was created, the government violates the First Amendment when it denies access to a speaker solely to suppress the point of view he espouses on an otherwise includible subject." *Id.* (internal citations omitted); *accord Byrne v. Rutledge*, 623 F.3d 46, 53 (2d Cir. 2010).

Even so, Plaintiff offers no more than a conclusory statement that "Defendant's blocking of Plaintiff was an improper viewpoint-based restriction on speech and assembly." Am. Compl.

15

¶ 54.  Indeed, the Amended Complaint "does not specify what viewpoint was allegedly subjected to" retaliation, and thus Plaintiff "has failed plausibly to allege that [Defendant's] actions" regarding the email-distribution list were based on viewpoint.  *Collins v. Putt*, 979 F.3d 128, 132 n.1, 135 (2d Cir. 2020).  As Defendant pointed out, "[b]eyond conclusory allegations, Plaintiff has not pleaded facts that provide a plausible basis to infer that the Congresswoman took any action in retaliation for the viewpoints Plaintiff expressed in [his] communications" with her office.  Motion at 17; *accord id.* at 15.  Plaintiff, of course, may plead further non-conclusory facts in a second amended complaint to support an allegation of viewpoint retaliation regardless what category of forum Defendant's email-distribution list may fall into.

It is true that "under the prevailing constitutional framework, speech restrictions imposed on government-owned property are analyzed under a 'forum-based' approach that divides government property into three categories—the traditional public forum, the designated public forum, and the nonpublic forum." *Byrne*, 623 F.3d at 53.  And "as a general matter the degree of control the government may exercise over speech depends upon the nature of the property," so ordinarily "the initial task for a court evaluating restrictions placed on speech or expressive conduct on government property is to define the nature of the property at issue." *Id.* (citation modified).  But all Plaintiff raises is "an improper viewpoint-based restriction on speech and assembly," Am. Compl. ¶ 54, which is unconstitutional regardless of the type of forum at issue, *see Byrne*, 623 F.3d at 53.[5]  Because Plaintiff fails to allege such a viewpoint-based restriction, the Court need go no further in dismissing Plaintiff's Amended Complaint.  So it overrules Plaintiff's objections to

---

[5] Plaintiff objects that the Report and Recommendation "gave insufficient attention to [his] assembly claim," Objections at 6-7, but "the same analytical framework applies whether the First Amendment right being exercised is speech . . . or other expressive activity such as assembly," *Johnson v. Perry*, 859 F.3d 156, 171-72 (2d Cir. 2017) (internal quotation marks omitted).

the Report and Recommendation's conclusion that the Amended Complaint did not allege that the email-distribution list was a public forum.  *See* Objections at 2-3, 9-12.

\* \* \*

As mentioned, the Court grants Plaintiff leave to amend all but his claims for money damages (and any right-to-petition claim, to the extent the Amended Complaint raised one).  The Court reminds Plaintiff that a second amended complaint would completely replace—not supplement—his existing Amended Complaint, so any allegations and materials that he would like the Court to consider must be pleaded in or attached to the new complaint.

## IV.  Conclusion

For these reasons, the Court adopts Judge Figueredo's Report and Recommendation. Plaintiff's money-damages and town hall-based claims are dismissed for lack of subject matter jurisdiction and his email-distribution-list claims are dismissed for failure to state a claim. Plaintiff's money-damages claims are dismissed without prejudice and without leave to amend. His town hall-based claims and email-distribution-list claims are dismissed with leave to amend. Plaintiff has thirty days from the date of this Opinion and Order to file a second amended complaint as to only those claims that have been dismissed with leave to amend.  If he fails to file a second amended complaint by that deadline, or fails to obtain an extension, the Court will direct the Clerk of Court to issue judgment in Defendant's favor.  The Clerk of Court is respectfully directed to close Docket Number 18.

SO ORDERED.

Dated: March 17, 2026
      New York, New York
                               JOHN P. CRONAN
                           United States District Judge